IN CLERK'S OFFICE
U.S. DISTRICT ...
...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X   Index No. CV-04-4565(ARR)
THEODORE KING and GARY LA BARBERA,
Et al.,

                      Plaintiffs,         **STIPULATION OF SETTLEMENT**

    -against-

TUCCI EQUIPMENT RENTAL CORP.,

                      Defendant.        COURTESY COPY
-----------------------------------------------------X

    IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, attorneys of record for the Plaintiffs and the Defendant, that the above captioned action is settled as follows:

    1.    The parties agree to amend the complaint to include August 2004 through February 2005 and Audit 5-0121 for the period of September 28, 2002 through January 31, 2004. The Defendant acknowledges that for the periods of June 2004 through February 2005 and Audit 5-0121 for the period of September 28, 2002 through January 31, 2004 there is due and owing to the Plaintiffs the sum of $45,309.42, inclusive of interest at the rate of 18% per annum through June 1, 2005, attorneys fees and liquidated damages as allowed by 29 USC 1132(g)(2). The Defendant acknowledges that the time periods of June 2004 through February 2005, inter alia, are subject to audit, and/or other means of verification, and may result in additional principal and late charges being due and owing. Defendant acknowledges that the amounts calculated for the periods of June 2004 through February 2005 are based solely upon the reports submitted by the Defendant, and that the reports and amounts are accurate. Defendant acknowledges that this is a material representation and that Plaintiffs are relying upon such representations.



1

2. In payment of the amounts set forth in paragraph "1" above, and in no way affecting or reducing Defendant's obligation to pay current contributions, Defendant agrees that it will pay the sum of $40,000.00. This amount will be paid in four (4) monthly payments. These payments will be made as follows:

July 1, 2005 - $10,000.00;

August 1, 2005 - $10,000.00;

September 1, 2005 - $10,000.00; and

October 1, 2005 - $10,000.00

3. The Defendant agrees that they will keep current in submitting all reports and payments for the Building Fund and Dues Check Off during the period of this agreement.

4. Defendant agrees that they will keep current in submitting their reports and payments to the Plaintiff Funds during the period of this agreement, which may become due and owing, beginning with the reports and payments that are due for the month of March 2005.

5. In the event Defendant fails to make a payment required under paragraph "2" of the Stipulation, or if any check presented in payment of an amount set forth in paragraph "2" of this Stipulation is returned unpaid, then Defendant shall be entitled to five (5) days notice within which to cure the default. This notice shall be sent to Defendant's attorney, Flora Edwards via facsimile at 212-514-7072. This notice provision and cure period shall only apply to the payments required under paragraph "2" of this agreement. In the event that Defendant fails to cure any default as set forth above or fails to submit current payments accruing during the period of this stipulation, or if the Defendant defaults in any other terms of the agreement, then Plaintiffs may enter Judgment against the Defendant for the full amount set forth in paragraph "1" of this Stipulation, together with all current remittances due and the late charges as provided

for in 29 USC 1132(g)(2). Defendant shall be entitled to credit for any payments actually received pursuant to the payment schedule set forth in paragraph "2" above.

6. Defendant shall have the right to prepay the amounts set forth in paragraph "2".

7. All payments pursuant to paragraph "2" shall be made payable to "Local 282 Fringe Benefit Funds" and shall be delivered to Avram H. Schreiber, Esq. attorney for Plaintiffs, 40 Exchange Place, Suite 1300, New York, New York 10005. If mailed, the payments must be mailed in such a fashion that they will be received on or before the due date.

8. Upon the timely payment of the principal, interest, attorneys fees and liquidated damages set forth in paragraph "2" above, and all other charges set forth in paragraphs "3" and "4" above, a Stipulation of Discontinuance with prejudice solely as to the failure to timely report and pay contributions for the periods of June 2004 through February 2005 and Audit 5-0121 for the period of September 28, 2002 through January 31, 2004 will be filed with the court.

9. Defendant hereby consents to the jurisdiction of the court.

10. This Stipulation is subject to the approval of the Plaintiffs.

11. This Court shall retain jurisdiction for the purpose of enforcement of the terms of the Stipulation.

Dated: New York, New York
       June 2, 2005

/s/ Flora Edwards
-------------------------------------
FLORA EDWARDS, ESQ.
(FE-0808)
Attorney for Defendant
61 Broadway, St. 1105
New York, New York 10006

/s/ Avram H. Schreiber
-------------------------------------
AVRAM H. SCHRIEBER, ESQ.
(AS-2860)
Attorney for Plaintiffs
40 Exchange Place, Suite 1300
New York, New York 10005

TUCCI EQUIPMENT RENTAL CORP.

By: /s/ Anthony Martuci

SO ORDERED:     6/7/05
ALLYNE R. ROSS - U.S.D.J.

3